UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDAN ANTONOV SAHATTCHIEVE,

    Plaintiff,

v.                                                        Case No. 16-13560

WELLS FARGO BANK, NA,                      HON. AVERN COHN

    Defendant.
_____/

## ORDER
## GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND
## DISMISSING COMPLAINT

I.

Plaintiff Jordan Antonov Sahattchieve, proceeding pro se, has filed a complaint naming Wells Fargo Bank, NA as defendant.

Plaintiff seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis (IFP) status. For the reasons that follow, however, the complaint will be dismissed.

II.

Under 28 U.S.C. § 1915 (e)(2)(B) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. This section "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce

the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327.  In order to determine whether dismissal under § 1915(e)(2)(B) is appropriate, it must be determined whether the plaintiff's complaint "makes an arguable legal claim and whether it is based on rational facts." Lawler v. Marshall 898 F.2d 1196, 1198 (6th Cir. 1990).  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction.  See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).  Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

III.

The Court has reviewed the complaint.  From what can be gleaned, while in Bulgaria, plaintiff directed Allianz Bank to issue a check in the amount of $700 which was intended to pay off the balance on plaintiff's Chase credit card.  Allianz withdrew the amount, plus a fee, from plaintiff's account and sent it "via an Electronic Funds

Transfer" to Wells Fargo. Plaintiff says that despite receiving the transfer, Wells Fargo has not released the $700 to Chase.

Taking the above allegations as true, plaintiff has not identified a proper basis for federal jurisdiction, based either on federal question or diversity. See 28 U.S.C. § 1331; 28 U.S.C. § 1332. Plaintiff indicates that jurisdiction is based on federal question and references the Uniform Commercial Code (UCC), specifically claiming a violation of "Section 302(a)(1) of Article 4A of the Uniform Commercial Code." The UCC, however, is not a federal statute. Thus, there is no jurisdiction based on a federal question. At best plaintiff may be making a claim under Michigan's Uniform Commercial Code. See M.C.L. § 440.4802. Even assuming plaintiff has a cause of action under Michigan law, there does not appear to be diversity jurisdiction. Although plaintiff suggests that the amount in controversy exceeds $75,000, a read of the complaint shows that the amount at issue is far less.

V.

Overall, even under a liberal pleading standard, the complaint fails to establish a basis for federal jurisdiction. Accordingly, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2). Further, any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: October 27, 2016
     Detroit, Michigan